TELFAIR STOCKTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42708. Promulgated August 15, 1932.

*H. A. Mihills, C. P. A.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

802

OPINION.

MATTHEWS: The petitioner contends that the stock of the Dennison Company exchanged in 1920 for stock of the Columbus Company did not belong to him, but to the Stockton Company, and that the profit, if any, derived upon such exchange was taxable to the com-

pany and not to him, and that the dividends received on the stock of the Columbus Company in 1923 were for the same reason not taxable income to him.

The question of the ownership of the stock is one of fact, to be decided upon consideration of all the evidence introduced. This evidence shows, on the one hand, that the stock was issued in the name of the petitioner, voted by him, and dividend checks were issued in his name. Upon the organization of the Columbus Company he treated this Dennison stock as if it were his own and exchanged it for stock of the Columbus Company issued in his name. All the evidence shows that at this time he acted as if he were the owner of the stock. In connection with an appraisal made at the request of the revenue agent with respect to the value of the property transferred to the Columbus Company, Stockton executed an affidavit in 1925 in which he stated that he was the owner of the stock. In 1929, in connection with the reorganization, he made an endorsement on the certificate of the Columbus Company stock in which he referred to it as his stock, although he testified that he had endorsed this stock in blank in 1922 and had turned it over to the Stockton Company.

On the other hand, we have the evidence that the Stockton Company paid the note given to the bank for the money with which the Dennison stock was purchased, that the Dennison stock and that of the Columbus Company were entered on the books of the Stockton Company, and that dividends when received by the petitioner were turned over to the Stockton Company and entered in its dividend account. However, in view of the fact that the petitioner used the books of the Stockton Company to record some of his personal transactions and that the dividend account in the Stockton Company's books also shows receipt of dividends on the Dennison stock on September 2, 1920, December 14, 1920, and March 5, 1921, which dates were all after the transfer of such stock to the Columbus Company, the entries on the books of the Stockton Company are not in any way conclusive as to ownership of the stock.

We are of the opinion that the petitioner has not overcome the prima facie correctness of the respondent's determination that the stock belonged to him. See *Raiss et al.*, 21 B. T. A. 593. The fact that he received the money from the corporation to pay for the stock does not necessarily make the stock the corporation's stock. The evidence as to the reason for the corporation furnishing the money is not clear. It may well be that this was a loan to the petitioner from the corporation. Nor does the fact that he turned the dividends over to the corporation after receiving them relieve him of tax liability thereon. *Godfrey R. Rebmann*, 18 B. T. A. 1265.

It is clear, therefore, that any profit realized on the exchange of Dennison stock for Columbus Company stock in 1920 and the divi-

dends received from the Columbus Company stock in the amount of $15,000 in 1923 constitute taxable income to the petitioner in the respective years.

It remains to be seen, however, whether the petitioner as the owner of the Dennison stock realized any profit upon the exchange in 1920 of this stock for stock of the Columbus Company. The respondent has determined that the petitioner realized a profit of $74,500, being the difference between the par value of the Columbus stock, $100,000, and the cost of the Dennison stock, $25,500.

We do not agree with the contention of the petitioner that this was an exchange in connection with a reorganization, merger or consolidation. It is clear that the Columbus Company was an entirely new corporation and not a party to a reorganization of any old corporation. Upon incorporation it issued its entire capital stock to three individuals for property, notes and other stock.

The basis for determining the gain or loss upon the exchange in 1920 is, therefore, the fair market value of the Columbus Company stock at the date of exchange. Sec. 202 (a) and (b), Revenue Act of 1918. Respondent determined this value to be the par value of the stock. The evidence introduced by petitioner not only does not overcome this determination, but, on the showing made of the intrinsic value of the assets back of the stock, tends to confirm it. Although the Dennison stock could not be included in invested capital at more than $51,000, the cost to prior owners, the stock had been paying and continued to pay a dividend in excess of 6 per cent. The plant of the Shepherd Brothers was valued by the Columbus Company and by Stockton and Gamble at $600,000, and was so set up on the books of the company. Depreciation and depletion were claimed, and the total amounts finally allowed by respondent were based on a value in excess of the value at which the plant could be included in invested capital. There is no evidence of any sales of the Columbus Company stock, but it can not be said that it has no fair market value, because such value may be established by other factors. See *Lyle H. Olson*, 24 B. T. A. 702, and cases cited therein. The determination of the respondent on this point is approved.

*Judgment will be entered under Rule 50.*